Alan M. Anzarouth
Attorney at Law
3111 Camino Del Rio North, Suite 1325
San Diego, CA 92108
   Tel. (619) 398-9390
   CA State Bar No. 84888

Attorney for Plaintiff

FILED
08 FEB 21 PM 4:28
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY: CP    DEPUTY

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

Mahmoud Alagha,
   DHS File No. A47 512 228,
      Plaintiff,
      vs.
Paul Pierre, District Director,
   U.S. Citizenship and Immigration Services
Michael Chertoff, U.S. Secretary of
   Homeland Security, and
Michael Mukasey, U.S. Attorney General,
   Defendants.

Civil No: '08 CV 0345 WQH WMc

**COMPLAINT AND APPLICATION FOR HEARING RE FAILURE TO ADJUDICATE NATURALIZATION APPLICATION WITHIN 120 DAYS AFTER EXAMINATION**

Plaintiff, by his attorney, complaining of the Defendants, allege as follows:

1. Plaintiff Mahmoud Alagha is a native and citizen of Syria, and has been a lawful permanent resident of the United States since May 19, 2000. Plaintiff resides within the jurisdiction of this Court.

2. Paul Pierre is the Director of the U.S. Citizenship and Immigration Services (CIS), an agency of the United States Government, in San Diego, California. This Defendant is sued herein in his official capacity. He is responsible for the processing of applications for naturalization for applicants who reside within San Diego County, State of California, under 8 USC 1421, et. seq., and 8 CFR 310, et. seq.

3. Michael Mukasey is the U.S. Attorney General, an agency of the United States Government, in Washington, D.C. This Defendant is sued herein in his official capacity. He is responsible for the processing of security clearance checks conducted by the Federal Bureau of

1  Investigation (FBI), which the CIS maintains must be completed before it can approve any
2  application for naturalization, under 8 USC 1421, et. seq., and 8 CFR 310, et. seq.
3      4.    Michael Chertoff is the Secretary of Homeland Security, an agency of the U.S.
4  Government, in Washington, D.C.  This Defendant is sued herein in his official capacity.  He is
5  responsible for overseeing the operations of the CIS, pursuant to 8 USC 1421, et. seq., and 8 CFR
6  310, et. seq.
7      5.    The Court has jurisdiction of this action pursuant to 8 USC 1447(b), 28 USC 1331,
8  28 USC 1361, 28 USC 1651, 5 USC 701, et. seq., and 28 USC 2201, et. seq..
9      6.    On March 3, 2005, Plaintiff filed an application for naturalization with the CIS.  On
10  July 14, 2005, a CIS district adjudications officer (DAO) examined the Plaintiff on his
11  naturalization application.  Plaintiff asserts that he provided true, accurate, and complete
12  information on the application form that he filed with the CIS, as later modified by the DAO at the
13  naturalization examination.  He further maintains that he answered truthfully all questions posed to
14  him by the DAO at the examination.  Plaintiff passed the tests of English and U.S. history and
15  government.  In addition, he satisfied all physical presence, residence and good moral character
16  provisions of the U.S. naturalization laws.  He expressed his desire to take an oath of allegiance to
17  the U.S. government, affirmed his belief in the Constitution, and evidenced a willingness to bear
18  arms on behalf of the United States.  At the conclusion of the examination, the DAO provided
19  Plaintiff with a document entitled, "Naturalization Interview Results," which states that, "You
20  passed the tests of English and U.S. history and government.  On July 26, 2005, the Plaintiff
21  complied with the government's request that he provide further documents in this matter.
22      7.    On May 21, 2007, Plaintiff filed with the U.S. District Court for the Southern
23  District a complaint in this matter for the Defendants' failure to adjudicate his naturalization
24  application within 120 days after examination [Case No. 07-cv-0910 (IEG/BLM)].  After filing the

complaint the Assistant U.S. Attorney informed counsel that on July 14, 2005, Plaintiff had executed a waiver of the rights, as provided by 8 USC 1447(b). Thus, on September 19, 2007, the Court dismissed the former action, pursuant to the government's motion.

8. On June 29, 2007, Plaintiff filed with the U.S. Citizenship and Immigration Services his notice of withdrawal of waiver of his rights, as provided by 8 USC 1447(b).

9. Plaintiff now files the instant complaint, after having removed the referenced waiver as an obstacle to proceeding on this action.

10. Plaintiff and counsel have written to the CIS to request the status of Plaintiff's naturalization application. On each occasion, the CIS wrote that the case was still pending for "security checks."

11. Plaintiff has exhausted all his available administrative remedies.

12. Defendants' refusal to act in this case is, as a matter of law, arbitrary, and not in accordance with the law.

13. Plaintiff has been greatly damaged by the failure of the Defendants to act in accord with their duties under the law.

14. The Defendants, in violation of the Administrative Procedures Act, 5 USC 701, et seq., have unlawfully withheld or unreasonably delayed adjudicating Plaintiff's application for naturalization, and have failed to carry out the adjudicative and administrative functions delegated by law and regulation with regard to Plaintiff's case.

15. 8 USC §1447(b) provides this Court with jurisdiction to immediately adjudicate and approve Plaintiff's naturalization application. That section of law reads as follows:

> If there is a failure to make a determination under [8 USC §1446] before the end of the 120-day period after the date on which the examination is conducted under such section, the applicant may apply to the United States district court for the district in which the applicant resides for a hearing on the matter. Such court has jurisdiction over the matter and may either determine the matter or remand the matter, with appropriate instructions, to the Service to determine the matter.

3

16. Given that more than 120 days has passed since the date on which the CIS conducted Plaintiff's naturalization examination, the Defendants have lost, as a matter of law, jurisdiction to adjudicate the naturalization applications in this matter. ***Thus, as provided by statute, the U.S. District Court has sole jurisdiction to adjudicate this matter***.

WHEREFORE, Plaintiff prays that this Honorable Court:

A. Adjudicate and approve Plaintiff's naturalization application, and administer the full oath of allegiance as a U.S. citizen, pursuant to 8 USC 1448.

B. Order the Defendants to have their agents process this case to a conclusion;

C. Order that the Defendants pay reasonable attorney fees; and

D. Order other and further relief as it may deem proper under the circumstances.

DATED:    February 21, 2008

*[signature]*
ALAN M. ANZAROUTH
Attorney for Plaintiff

```
         UNITED STATES
         DISTRICT COURT
      SOUTHERN DISTRICT OF CALIFORNIA
           SAN DIEGO DIVISION

       # 147949      - SH
       * * C O P Y * *
        February 21, 2008
            16:32:19


         Civ Fil Non-Pris
   USAO #.: 08CV0345
   Judge..: WILLIAM Q HAYES
   Amount.:              $350.00 CA



   Total->   $350.00



   FROM: ALAGHA V. PIERRE
```

JS 44 (Rev. 11/04)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
Mahmoud Alagha

**DEFENDANTS**
Paul Pierre, Director, U.S. Citizenship and Immigration Services, Michael Chertoff, U.S. Secretary of Homeland Security, and

(b) County of Residence of First Listed Plaintiff: San Diego
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant:
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

08 FEB 21 PM 1:27
'08 CV 0345 WQH WMc
BY: cr DEPUTY

(c) Attorney's (Firm Name, Address, and Telephone Number)
Alan M. Anzarouth, 3111 Camino del Rio N., Suite 1325
San Diego, CA 92108   619-398-9390

Attorneys (If Known)
U.S. Attorney, 940 Front Street, San Diego, CA 92101

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☒ 2 U.S. Government Defendant
- ☐ 3 Federal Question (U.S. Government Not a Party)
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability |  | ☐ 625 Drug Related Seizure of Property 21 USC 881 |  | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument |  | ☐ 365 Personal Injury - Product Liability |  |  | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 320 Assault, Libel & Slander |  | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' Liability | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) |  |  | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 480 Consumer Credit |
|  | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 490 Cable/Sat TV |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 690 Other |  | ☐ 810 Selective Service |
| ☐ 160 Stockholders' Suits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 850 Securities/Commodities/Exchange |
| ☐ 190 Other Contract | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☒ 890 Other Statutory Actions |
| ☐ 196 Franchise |  |  | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment | **Habeas Corpus:** | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations | ☐ 530 General |  | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 895 Freedom of Information Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty |  | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other |  |  |  |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights |  |  | ☐ 950 Constitutionality of State Statutes |
|  | ☐ 440 Other Civil Rights | ☐ 555 Prison Condition |  |  |  |

## V. ORIGIN (Place an "X" in One Box Only)
- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
8 U.S. Code Section 1447(b)

Brief description of cause:
CIS has failed to adjudicate Plaintiff's naturalization application within 120 days after completing examination

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ Yes ☒ No

## VIII. RELATED CASE(S) IF ANY
(See instructions)
JUDGE
DOCKET NUMBER

DATE: 02/21/2008
SIGNATURE OF ATTORNEY OF RECORD: [signature]

**FOR OFFICE USE ONLY**
RECEIPT # 147949   AMOUNT $350   APPLYING IFP   JUDGE   MAG. JUDGE

SA 2/21/08