1 | KAREN P. HEWITT
United States Attorney
2 | MEGAN CALLAN
Assistant U.S. Attorney
3 | California Bar No. 230329
United States Attorney's Office
4 | 880 Front Street, Room 6293
San Diego, CA 92101-8893
5 | Telephone: (619) 557-7120
Facsimile: (619) 557-5004
6 | Megan.Callan@usdoj.gov

7 | Attorneys for Defendants

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| MAHMOUD ALAGHA, | ) | Case No. 08cv0345-WQH (WMc) |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | ANSWER TO COMPLAINT |
| PAUL PIERRE, District Director, U.S. Citizenship and Immigration Services, San Diego District; MICHAEL CHERTOFF, Secretary, Department of Homeland Security; and MICHAEL B. MUKASEY, Attorney General of the United States, | ) | |
| Defendants. | ) | |

COME NOW Defendants Paul Pierre, et al., by and through their counsel, Karen P. Hewitt, United States Attorney, and Megan Callan, Assistant United States Attorney, and in answer to Plaintiff's Complaint and Application for Hearing Re Failure to Adjudicate Naturalization Application Within 120 Days After Examination ("Complaint"), set forth the following:

1.  Answering Paragraph 1 of the Complaint with respect to the first sentence, Defendants admit that Plaintiff is a native and citizen of Syria and that Plaintiff's status has been lawful permanent resident of the United States since approximately May 19, 2000. With respect to the second sentence, Defendants admit that Plaintiff resides within the jurisdiction of the Court only to the extent that Plaintiff last represented his residence to Defendants as within the jurisdiction of the Court.

2.  Answering Paragraph 2 of the Complaint, with respect to the first and third sentences, Defendants admit the allegations contained therein. With respect to the second sentence, Defendants

1 state that the allegations contained therein are legal conclusions solely within the purview of the Court 2 and for its determination, and no answer is therefore required. To the extent an answer is required, said 3 allegations are denied. With respect to the third sentence, Defendants state that Paul Pierre, in his official 4 capacity as District Director of the San Diego District of the Bureau of Citizenship & Immigration 5 Services ("CIS"), is responsible for overseeing the processing of certain naturalization applications, as 6 assigned to the San Diego District by CIS or the Department of Homeland Security. In all further 7 respects, Defendants deny the allegations contained in the third sentence.

8     3. Answering Paragraph 3 of the Complaint, with respect to the first sentence, Defendants admit 9 the allegations contained therein. With respect to the second sentence, Defendants state that the 10 allegations contained therein are legal conclusions solely within the purview of the Court and for its 11 determination, and no answer is therefore required. To the extent an answer is required, said allegations 12 are denied. With respect to the third sentence, Defendants state that Michael B. Mukasey, in his official 13 capacity as United States Attorney General, is responsible for overseeing the processing of security 14 checks that are completed by the Federal Bureau of Investigation ("FBI"). Answering further, 15 Defendants state that CIS relies upon the FBI to complete some of the security checks that must be 16 completed and evaluated by CIS prior to CIS's adjudication of a naturalization application. In all further 17 respects, Defendants deny the allegations contained in the third sentence.

18     4. Answering Paragraph 4 of the Complaint, with respect to the first sentence, Defendants admit 19 the allegations contained therein. With respect to the second sentence, Defendants state that the 20 allegations contained therein are legal conclusions solely within the purview of the Court and for its 21 determination, and no answer is therefore required. To the extent an answer is required, said allegations 22 are denied. With respect to the third sentence, Defendants state that Michael Chertoff, in his official 23 capacity as Secretary of the Department of Homeland Security, is responsible for overseeing the 24 functioning of the component agency, CIS. In all further respects, Defendants deny the allegations 25 contained in the third sentence.

26     5. Answering Paragraph 5 of the Complaint, Defendants state that the allegations contained 27 therein are legal conclusions solely within the purview of the Court and for its determination, and no 28 answer is therefore required. To the extent an answer is required, said allegations are denied.

1       6. Answering Paragraph 6 of the Complaint, with respect to the first, second, fifth, seventh,
2  eighth, and ninth sentences, Defendants admit the allegations therein. With respect to the third, fourth,
3  sixth sentences, Defendants lack sufficient information or belief at this time to form an opinion as to the
4  to the truth of the allegations therein and on that basis deny the allegations.

5       7. Answering Paragraph 7 of the Complaint, Defendants admit the allegations therein.

6       8. Answering Paragraph 8 of the Complaint, Defendants admit the allegations therein.

7       9. Answering Paragraph 9 of the Complaint, Defendants admit that Plaintiff filed his Complaint.
8  In all further respects, Defendants state that Defendants state that the allegations contained therein are
9  legal conclusions solely within the purview of the Court and for its determination, and no answer is
10 therefore required. To the extent an answer is required, said allegations are denied.

11      10. Answering Paragraph 10 of the Complaint, Defendants lack sufficient information or belief
12 at this time to form an opinion as to the to the truth of the allegations therein and on that basis deny the
13 allegations.

14      11. Answering Paragraph 11 of the Complaint, Defendants state that the allegations contained
15 therein are legal conclusions solely within the purview of the Court and for its determination, and no
16 answer is therefore required. To the extent an answer is required, said allegations are denied.

17      12. Answering Paragraph 12 of the Complaint, Defendants state that the allegations contained
18 therein are legal conclusions solely within the purview of the Court and for its determination, and no
19 answer is therefore required. To the extent an answer is required, said allegations are denied.

20      13. Answering Paragraph 13 of the Complaint, Defendants deny the allegations therein.

21      14. Answering Paragraph 14 of the Complaint, Defendants state that the allegations contained
22 therein are legal conclusions solely within the purview of the Court and for its determination, and no
23 answer is therefore required. To the extent an answer is required, said allegations are denied.

24      15. Answering Paragraph 15 of the Complaint, Defendants state that the allegations contained
25 therein are legal conclusions solely within the purview of the Court and for its determination, and no
26 answer is therefore required. To the extent an answer is required, said allegations are denied.

27 //
28 //

1       16. Answering Paragraph 16 of the Complaint, Defendants state that the allegations contained therein are legal conclusions solely within the purview of the Court and for its determination, and no answer is therefore required. To the extent an answer is required, said allegations are denied.

        No answer is required to Plaintiff's prayer for relief. To the extent an answer is required, said allegations are denied.

## AFFIRMATIVE OR OTHER DEFENSES

All allegations not here before specifically admitted, denied, or modified, are hereby denied. For further and separate answer, Defendants allege as follows:

## FIRST DEFENSE

The Court lacks jurisdiction over the subject matter of this action.

## SECOND DEFENSE

The Complaint fails to state a claim against the Defendants upon which relief can be granted.

## THIRD DEFENSE

At all times alleged in the complaint, Defendants were acting with good faith, with justification, and pursuant to authority.

## FOURTH DEFENSE

The Defendants are processing the application referred to in the Complaint to the extent possible at this time. Accordingly, no relief as prayed for is warranted.

WHEREFORE, Defendants pray that Plaintiff takes nothing by reason of his suit herein, that judgment be rendered in favor of Defendants, for costs of suit herein incurred, and for such other and further relief as this court may deem proper.

DATED: April 25, 2008                    Respectfully submitted,

                                         KAREN P. HEWITT
                                         United States Attorney

                                         s/ Megan Callan

                                         MEGAN CALLAN
                                         Assistant U.S. Attorney
                                         Attorneys for Defendants
                                         Email: Megan.Callan@usdoj.gov